No. ——

First Circuit

---

## CARVER v. VERNON PARISH LUMBER COMPANY, INC.

---

(June 5, 1926. Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Laws—Par. 68, 70, 72.**

One who sues for the value of tokens provided by Act 228 of 1908, as amended by Act 210 of 1924, must prove that he made demand on the regular pay day and was refused payments before he can recover under the Act.

Appeal from the Parish of Vernon. Hon. John H. Boone, Judge.

Action by C. R. Carver against Vernon Parish Lumber Company, Inc.

There was judgment for plaintiff and defendant appealed.

Judgment reversed and case dismissed as of non-suit.

..P. L. Ferguson, of Leesville, attorney for plaintiff, appellee.

Hardin & Cavanaugh, of Leesville, attorneys for defendant, appellant.

ELLIOTT, J., dissents.

MOUTON, J. Defendant company issued a metal token or device redeemable in merchandise at Kurtwood, La.

Plaintiff as the legal holder of $750.00 of these tokens sues defendant company for that amount, for which judgment was rendered in his favor, with ten per cent attorney's fees.

He alleges that he has made demand on defendant company for the payment thereof on the regular pay day of defendant company, which has been refused.

Our first statute on this subject is Act 228, 1908. This Act provides that any person, firm or corporation issuing such devices shall be liable for the full face value thereof to any legal holder thereof in current money of the United States *on demand on the next pay day of such* firm, person or corporation. This Act was amended by Act 210, 1924, by making such persons, firms or corporation issuing tokens of that character liable on demand on their regular pay day, instead of their next pay day. Section 3 of the original Act was also amended by subjecting the party violating its provisions to a fine or imprisonment. Both Acts, however, provide that the person, firm or corporation shall be liable to the legal holder of such tokens on demand being made by him on the person, firm or corporation issuing such devices. Plaintiff, we presume, realizing that the statutes required a compliance therewith in this respect, averred that a demand had been made by him for the payment of these checks on the regular pay day of defendant company.

Plaintiff in his testimony says he demanded payment for these checks. In testifying on this subject, he says, he had a long talk with Joe Kruth, who asked if there were not a way by which the checks could be cashed, if discounted. Testifying further, he says, Kruth said he had issued checks like these, and asked plaintiff if there was no way of getting together on a discount. There is not a line or proof in the record showing that Kruth was representing the defendant company or had connection with it as agent or in any other capacity. Everything is left to conjecture, and we cannot infer that Kruth was empowered to bind the company by his implied refusal to pay the checks. From the fact that plaintiff alleges he had made demand for the payment of the checks on the regular pay day of defendant company, we must infer that he was therefore proceeding under the provisions of the amendatory Act, that is, No. 210 of 1924. There is, however, a total lack of proof on his part to show that his demand, if his conversation with Kruth can be construed as such, was made on the regular pay day of defendant company; or, for that, on any other pay day. Such checks are necessarily issued in advance of the pay day, and are not payable until that day comes around. On that day the laborer in whose favor such checks are issued, or his transferee, has the option, instead of requiring delivery of merchandise for their payment, to demand their redemption for their full face value in current money of the United States. Such laws *are in derogation of common rights*, must be strictly construed and complied with, or else parties invoking recovery under their provisions cannot recover. In the

instant case plaintiff has not only failed to comply with the essential requirements of either of the statutes in question by making his demand at the time therein pointed out, but has not offered the proof necessary to recover under the allegations of his own petition.

It is therefore ordered, adjudged and decreed that the judgment appealed from be avoided, annulled and reversed, and that the demand of the plaintiff be and is hereby dismissed as in case of nonsuit, at his costs in both courts.